UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAMION G. DAVIS,<br><br>                Plaintiff,<br><br>   v.<br><br>OFFICER MILLER, et al.,<br><br>                Defendants. | CIVIL ACTION NO. 1:18-CV-02286<br><br>(JONES, J.)<br>(MEHALCHICK, M.J.) |

**MEMORANDUM**

I. **BACKGROUND**

Plaintiff Damion G. Davis ("Davis") initiated the instant complaint pursuant to 42 U.S.C. § 1983 ("1983") on November 29, 2018. (Doc. 1). Davis names Officer Miller and Officer Kenndy, both of the Carlisle Police Department, the Carlisle Police Department itself, the city of Carlisle, and Cumberland County as defendants in this suit. (Doc. 1 at 2-3). Davis is presently incarcerated at the Cumberland County Prison located in Carlisle, Cumberland County, Pennsylvania. (Doc. 1 at 2).

Davis alleges that Defendants violated his constitutional rights through their use of excessive force, false arrest, false prosecution, and false imprisonment. (Doc. 1 at 3 ¶ II, B). Davis's claim arose on March 1, 2017, when he encountered two police officers outside of his

apartment building.¹ (Doc. 1 at 4 ¶ IV, A). Davis inquired as to why the officers were outside of his apartment and learned it was because he was talking loudly on his cell phone. Davis then tried to walk back to his apartment. (Doc. 1 at 4 ¶ IV, A). As Davis started to walk, an unspecified officer pulled him by his hair and threw Davis to the ground, and then proceeded to beat on him.² (Doc. 1 at 4 ¶ IV, A). Davis's eleven-year-old step-daughter, who was nearby when Davis was thrown to the ground, telephoned Davis's wife. (Doc. 1 at 4 ¶ IV, A). Upon receiving the call, Davis's wife ran home to see what was going on, but Davis was no longer at the scene by the time his wife arrived. (Doc. 1 at 4 ¶ IV, A).

Davis next alleges that he woke up in an ambulance. (Doc. 1 at 5 ¶ IV, D). An unspecified woman, riding in the ambulance with Davis, asked Davis if he was okay. (Doc. 1 at 5 ¶ IV, D). Davis asked her what happened and requested that he be taken to the hospital. (Doc. 1 at 5 ¶ IV, D). Unspecified police officers followed behind the ambulance. (Doc. 1 at 5 ¶ IV, D). The injuries Davis sustained included a swollen face, chipped tooth, a concussion, a dislocated shoulder, and a permanent knot on his forehead.³ (Doc. 1 at 5 ¶ V). Davis seeks $15,000,000 and an expungement of his criminal case from his record. (Doc. 1 at 5 ¶ VI).

---

¹ The exact date when the events occurred is unclear. On the following page of his complaint, Davis indicates "it was on [*sic*] Feb. 2017… and it was late at night" when the events giving rise to his claim occurred. (Doc. 1 at 5 ¶ IV, C).

² On the following page of his complaint, Davis alleges Officer Kenndy threw him to the ground, and two *other* police officers (three total) hit him in the head. (Doc. 1 at 5 ¶ IV, D).

³ Davis alludes to the death of his daughter in connection to the injuries he sustained. While the court expresses its condolences, Davis must specify how his daughter's death relates to the allegations in his complaint. (Doc. 1 at 5 ¶ V).

Davis also notes -- without specifying how, by whom, or on what dates – that he wanted to go to the law library but "the L.T. Ms. Dunlap kept denying (him) law library time, and on the days when (he) was aprove [*sic*] to go, they would put (him) on lock down." (Doc. 1 at 4 ¶ IV, B). As far as the Court can tell, the incident with the police officers occurred prior to Davis's incarceration, and the law library denial occurred during Davis's incarceration.

## II. STATEMENT OF LAW

### A. SECTION 1915 STANDARDS

Under 28 U.S.C. § 1915A, the Court is obligated, prior to service of process, to screen a civil complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a); *James v. Pa. Dep't of Corr.*, 230 Fed. Appx. 195, 197 (3d Cir. 2007) (not precedential). The Court must dismiss the complaint if it fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1); *Mitchell v. Dodrill*, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010). The Court has a similar obligation with respect to actions brought *in forma pauperis*. *See* 28 U.S.C. § 1915(e)(2). In performing this mandatory screening function, a district court applies the same standard applied to motions to dismiss under Rule 12(b)(6) of the FEDERAL RULES OF CIVIL PROCEDURE. *Mitchell*, 696 F. Supp. 2d at 471; *Banks v. Cnty. of Allegheny*, 568 F. Supp. 2d 579, 588 (W.D. Pa. 2008).

Rule 12(b)(6) of the FEDERAL RULES OF CIVIL PROCEDURE authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The United States Court of Appeals for the Third Circuit has noted the evolving standards governing pleading practice in federal court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), continuing with our opinion in *Phillips [v. County*

*of Allegheny*, 515 F.3d 224 (3d Cir. 2008)] and culminating recently with the Supreme Court's decision in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 209–10 (3d Cir. 2009).

In considering whether a complaint fails to state a claim upon which relief may be granted, a court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. *Jordan v. Fox, Rothschild, O'Brien &Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). A court "need not credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). Additionally, a court need not assume that a plaintiff can prove facts that the plaintiff has not alleged. *Associated Gen. Contractors of Cal. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983). In order to state a valid cause of action a plaintiff must provide some factual grounds for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). When ruling on a motion to dismiss, a trial court must assess whether a complaint states facts upon which relief can be granted, and should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

B.  RULE 8 PLEADING STANDARDS

In addition to these pleading rules, a civil complaint must comply with the requirements of Rule 8(a) of the FEDERAL RULES OF CIVIL PROCEDURE, which defines what a complaint should contain:

> (a) A pleading that states a claim for relief must contain (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Thus, a *pro se* plaintiff's well-pleaded complaint must recite factual allegations which are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a "short and plain" statement of a cause of action. Indeed, Fed. R. Civ. P. 8(a) requires a "showing that 'the pleader is entitled to relief, in order to give the defendant fair notice of what the…claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007); *Phillips*, 515 F.3d at 233 (citing *Twombly*, 550 U.S. at 545).

With the aforementioned standards in mind, a document filed *pro se* is "to be liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). In deciding a Rule 12(b)(6) motion, the court may also consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Further, the Third

Circuit has instructed that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

## III. DISCUSSION

### A. JURISDICTION & VENUE

"An action will only lie under [1983] when a state official, acting under color of law, violates a constitutionally protected right." *Truhe v. Rupell*, 641 F. Supp. 57, 59 (M.D. Pa. 1985) (citing *Screws v. U.S.*, 325 U.S. 91, 158 (1945)). Here, Davis's potential claims involve constitutional amendments. Thus, subject matter jurisdiction is proper under 28 U.S.C.A. § 1331. Davis is incarcerated in Cumberland County, Pennsylvania, and his apartment where the purported excessive force claim arose is presumably located in Carlisle, Pennsylvania, which is also within Cumberland County.[4] Because Davis alleges that the events giving rise to his claim occurred in Cumberland County, which is located within the Middle District of Pennsylvania, venue is proper here. 28 U.S.C. § 1391(b). *See Wyatt v. Wetzel*, No. 3:14-CV-589, 2015 WL 616629, *2 (M.D. Pa. October 20, 2015).

### B. ACCESS TO THE LAW LIBRARY

Davis alleges that prison officials denied him access to the law library. (Doc. 1 at 4 ¶ IV, B). Adequate prison law libraries are a component of the right of access to the courts. *See Bounds v. Smith,* 430 U.S. 817, 828 (1977). Such claims fall under the right of access

---

[4] The court presumes Davis's apartment is located in Carlisle, Pennsylvania because he names two police officers from Carlisle as defendants.

to the courts. *Tinsley v. Giorla*, 369 Fed. Appx. 378, 380-81 (3d Cir. 2010); *Veteto v. Miller*, 829 F. Supp. 1486, 1494 (M.D. Pa. 1992). However, Davis's complaint fails to allege how his denial of access to the law library has caused him injury; as such he has not stated a cognizable denial of access to the courts claim. *See Monroe v. Beard*, 536 F. 3d 198, 205-06 (3d Cir.2008) (internal citations omitted) (prisoner must show (1) that he suffered an actual injury—that they lost a chance to pursue a nonfrivolous or arguable underlying claim; and (2) that he has no other remedy that may be awarded as recompense for the lost claim other than in the present denial of access suit.) Further, Davis fails to allege that any of the Defendants identified in his suit were the individuals who denied him access to the law library.

### C. Excessive Force Claim

Davis alleges officers used excessive force when throwing him to the ground in front of his apartment. A law enforcement officer's use of excessive force in the course of an arrest or investigatory stop constitutes an unlawful "seizure" under the Fourth Amendment.[5] *Graham v. Connor,* 490 U.S. 386, 394 (1989); *Carswell v. Borough of Homestead,* 381 F.3d 235, 240 (3d Cir.2004). To determine whether specific conduct qualifies as excessive force, the court must examine its objective "reasonableness." *Graham,* 490 U.S. at 395–96. The court should consider the severity of the crime, the suspect's "immediate threat" to the safety of officers or others, resistance to arrest, attempts to flee, and access to

---

[5] *See also Stuckey v. Ross*, 2005 WL 3629026, *3 (M.D. Pa. December 15, 2005) (noting that the "Fourth Amendment governs claims that law enforcement officials used excessive force in the course of an arrest") (citations omitted) (*report and recommendation adopted by Stuckey v. York City Police Dept., 2006 WL 58990, (M.D. Pa. January 9, 2006)*).

weapons. *Id.*at 396; *Couden v. Duffy,* 446 F.3d 483, 497 (3d Cir.2006). The court should also consider the duration of the law enforcement officer's use of force, whether the officer was attempting to effect an arrest, and the presence of accomplices. *Sharrar v. Felsing,* 128 F.3d 810, 822 (3d Cir.1997) (*abrogated on other grounds by Curley v. Klem,* 499 F.3d 199 (3d Cir.2007)). The court must examine the use of force from "the pjerspective of a reasonable officer on the scene," without the benefit of hindsight. *Graham,* 490 U.S. at 396.

Here, there are simply not enough factual averments for the defendants to respond, and therefore the court recommends dismissal pursuant to Fed. R. Civ. P. 8. Further, the court reminds Davis that he must allege personal involvement by each defendant in order to sustain a 1983 claim against that defendant. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) (A defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior*) (emphasis in original) (*citing Parratt v. Taylor,* 451 U.S. 527, 537 n. 3 (1981); *Hampton v. Holmesburg Prison Officials,* 546 F.2d 1077, 1082 (3d Cir.1976)).

### D. F<small>ALSE</small> A<small>RREST</small>, F<small>ALSE</small> P<small>ROSECUTION</small>, <small>AND</small> F<small>ALSE</small> I<small>MPRISONMENT</small> C<small>LAIMS</small>

Finally, Davis also asserts claims of false arrest, false prosecution, and false imprisonment. His complaint also fails to state a claim on these grounds as well. A false arrest claim tasks the plaintiff to show that he or she was arrested without probable cause. *Dillard v. Cornick*, No. 1:18-CV-70, 2018 WL 4679952, at *4 (M.D. Pa. Sept. 28, 2018); citing *Andrews v. Scuilli*, 853 F.3d 690, 697 (3d Cir. 2017) (internal citation omitted). A claim for false imprisonment is grounded most often in a "detention pursuant to [an] arrest" made without probable cause. *Id.*; *Groman v. Township of Manalapan*, 47 F.3d 628, 636 (3d Cir. 1995); *see also*

*Stewart v. Moll*, 717 F. Supp. 2d 454, 463 (E.D. Pa. 2010). And a malicious prosecution[6] claim requires a plaintiff to show, *inter alia*, that the defendant initiated and pursued a criminal proceeding without probable cause. *Id.*; *Johnson v. Knorr*, 477 F.3d 75, 81-82 (3d Cir. 2007) (*citing Estate of Smith v. Marasco*, 318 F.3d 497, 521 (3d Cir. 2003) ). Further, it is well-settled that an essential element of a civil rights malicious prosecution, false imprisonment, or false arrest claim is that the underlying criminal case must have been terminated in favor of the civil rights claimant. *Booker v. City of Philadelphia*, No. CV 12-402, 2017 WL 1177094, at *4 (E.D. Pa. Mar. 29, 2017) *quoting Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994); *Miles v. Zech*, No. 3:18-CV-1061, 2018 WL 3214262, at *6 (M.D. Pa. May 23, 2018), *report and recommendation adopted*, No. CV 3:18-1061, 2018 WL 3207381 (M.D. Pa. June 29, 2018). Therefore, where, as here, the civil rights plaintiff brings these claims in a setting where he has not achieved a favorable outcome in the underlying state case, the plaintiff's claim fails as a matter of law.

## IV. LEAVE TO AMEND

The Court recognizes that *pro se* plaintiffs often should be afforded an opportunity to amend a complaint before the complaint is dismissed with prejudice, *see Fletcher–Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 253 (3d Cir. 2007), unless granting further leave to amend would be futile or result in undue delay. *Alston v. Parker*, 363 F.3d 229, 235-36 (3d Cir. 2004). As the complaint in its current form does not clearly set forth any claims against

---

[6] The Court liberally construes Davis's "false prosecution claim" as one for malicious prosecution.

the Defendants, dismissal is warranted. However, to preserve Mr. Davis's rights as a *pro se* litigant, the Court will allow him to file a single, unified complaint setting forth his factual allegations and legal claims in a manner that can be reviewed by the Court and, if necessary, answered by the Defendants.

Mr. Davis is advised that the amended complaint must be a pleading that **stands by itself without reference to the original complaint**. *Young v. Keohane*, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992) (emphasis added). The amended complaint must also establish the existence of specific actions taken by the Defendants which have resulted in identifiable constitutional violations, to the extent Mr. Davis intends to bring a civil rights action under 42 U.S.C. § 1983. Further, the amended complaint must: provide a "short and plain statement of the grounds for the court's jurisdiction," Fed. R. Civ. P. 8(a)(1); contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2); include "a demand for the relief sought," Fed. R. Civ. P. 8(a)(3); set forth averments that are "simple, concise, and direct," Fed. R. Civ. P. 8(d)(1); and state such averments in separately numbered paragraphs describing the date and time of the events alleged and identifying wherever possible the participants in the acts about which he complains. It should also be limited to those claims that arise out of the same transaction or occurrence or series of transactions or occurrences as averred, albeit vaguely, in the original complaint. **Failure to file an amended complaint in accordance with the aforementioned requirements may result in the dismissal of this action in its entirety.**

V. CONCLUSION

Based on the foregoing, the Court finds that Plaintiff's complaint (Doc. 1) fails to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(A), 28 U.S.C. §

1915(e)(2)(B)(ii), and Fed. R. Civ. P. 8. Plaintiff is directed to file an amended complaint in accordance with the foregoing within **30 days.**

An appropriate Order follows.

**BY THE COURT:**

**Dated: March 13, 2019**

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States Magistrate Judge**