# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAMION G.V DAVIS<br>Plaintiff | CIVIL ACTION # 1:18-cv-02286 |
| | (JONES, J.) |
| V. | (MEHALCHICK, M.J.) |
| OFFICER KENNEDY, et al.,<br>Defendant[s] | JURY TRAIL DEMANDED |

## SECOND AMENDED COMPLAINT

**AND NOW,** comes The plaintiff, Damion G.V Davis, Pro-Se, Who files This civil action and complaint for The reason explained below:

## STATEMENT OF JURISDICTION

# I. PRELIMINARY STATEMENT

\* MR. DAVIS respectfully submits this civil action and complaint which contains both FEDERAL and STATE claims. Herein Mr. Davis gives details of the officer's and state NEGLIGENCE by their deliberate action and by violating Mr. Davis Fourth & EIGHTH AMENDMENT rights, federal statutory, constitution rights, liberty rights under [the] states law and [doctrine] for Defendants "superior", and also vicarious liability and his request for recovery in damages.

# II. JURISDICTION AND VENUE

1. This action arises under the law of the middle district of pennsylvania and is within the subject matter and jurisdiction of the middle district court of pennsylvania.

2. This court has supplement jurisdiction over the federal claims stated herein by reason of 28 U.S.C. §1367.

3. This court has jurisdiction over the state claims by reason of 42 Pa.C.S.A. §931.

4. Venue is proper by reason of Pa.R.Civ.P. 106.

# III. PARTIE[S]

1. At all times relevant to the cause of action herein stated that on "MARCH 1st, 2017" after 12" o'clock midnight.

. At all time relevant to the case of action herein state, defendant(s) Officer KENNEDY, Officer MILLER and the State of PENNSYLVANIA

. At all time relevant to the cause of action herein stated the defendants are employed by the State of pennsylvania.

. At all time relevant to the case of action herein stated, The State OF PENNSYLVANIA, is one of the Defendant(s), their the one who employed those two officer's to profoam a certain duty to the community, to (p)rotect and (s)urvive and to act (a)ccordingly with the States (P)rocedures under the constitution.

# IV. FACTUAL ALLEGATION[S]

. The State [E]valuation of These officer(s)was not conducted under a mental awareness of a proper examination of There employees of The State of Pennsylvania.

. The State employed These officers to keep the peace, uphold the Law and to survive The community, which was a breach of contract when they did the opposite, and if The State failed to punish their employees for that breach it became a sign

(3)

of Negligence.

. The State founds the Department, that hires the officers, which cause the damages to Mr. Davis and his family.

. The State knew that the Officer(s) investigatory stop would be constitutes as an unlawful seizure under the fourth Amendment but took it to trials away knowing that those officer(s) would change their statement under oath.

The State should of consider the severity of the crime, to see if Mr. Davis was an immediate threat to the safety of the officers or others, was Mr. Davis resisting arrest, was he attempting to flee from the scene or trying to grab the officers

8. The State Neglected to prove that Mr. Davis was in fact intoxicated, by checking his fiar Level by means of an "breathelizer" or by taking the blood of the plaintiff to see his blood alchol Level (BAC) to prove public intoxication, but yet he was charged and convicted of such crimes.

9. The State is responsible for their Negligence, because the District Attorney works for the commonwealth which is the State of Pennsylvania and for the State to find Mr. Davis guilty of public intoxication and resisting arrest after Knowing about the officer(s) unreasonable seizure under the Fourth Amendment was negligence of the commonwealth.

10. The District Attorney Connection with the State and the misconduct of the two officer(s) which resulted in Mr. Davis injury was Negligence.

11. The duty of the State under all circumstances is to uphold the Law, constitution and to find the truth. To over look these facts because of trying to protect the notion that these two officers and their Department did not breach their duties by attacking a civilian causing bodily injuries to the head, in the way of shifting the brain which resulted in Mr. Davis concussions is negligence. And for these same officer(s) to cause Mrs. Davis

(5)

physical and mental pain, which also resulted in placing
a void in their lives, by the Loss of their first born
child was also Negligence of the State and the Officer(s)
who work for that State.

12. Mr. Davis alleged that the State of Pennsylvania police
Department failed to (remove) the officer(s) from their duties
after having so many misconducts and unlawful arrests.
The State and police department were negligent in causing
or permitting the officer(s) to continue their duties after
so many complaints. See Bennett v. pennsylvania, 25 phila 1999,
1992, phila city rptr, Lexis 131, C.P.a.C.p (1992).

13 Wrongful death and State negligence [in the commwealth.
It is negligence to premit thrid person to use things or
engage in a activity, which is under control of the
actor.

14. The police knew that the State would not take any
action of their offences. The State in those sistuation
neglected to rebuke or punish the perpetreators of the
crime; all complaints of the victims in those cases.
The State did not respond or ~~TAKE~~ action to punish those
officers involved.

15. Pursuants to Pa. R. civ. P. 1020(c) it is permissible for plaintiff to seek alternative relief based upon different legal theory when they were advised that their petition was going to be denied. Schreiber v. Republic intermodal corp, 473 Pa. 614, 375 A.2d 1285, 1977 Pa. Lexis 755 (1977).

## V. EXHAUSTION

* The plaintiff as exhausted all available administrati remedies allowed, by filing complaints and complying with the Department policy, Agency(s) and now the Middle District Court.

## VI. CAUSE OF ACTION

### COUNT 1
Deprivation of My Amendmet Right(s)
(Against all Defendant's)

* The plaintiff incorporate IV paragraphs 1 through 15 of this complaint as set forth therein.

(a) All Defendant(s) act and omission in failing to uphold the Law, constitution and Amendment by causing both physical and mental injuries, therefore violating the plaintiff Core Liberty Right(s) of the United States constitution.

(7)

## COUNT II
### Negligence
### (Against all Defendant(s))

The plaintiff incorporates IV paragraphs 1 through 15 of this complain as it set forth therein.

1). At all times relevant to the cause of action herein Stated, the individual defendant(s) Made a sworn oath to protect and survie they state and their community incorporating procedures under the constitution and to breach they oath is failing to uphold the constitution.

2). PENNSYLVANIA law recognize that, in certain context, one who undertakes to render services to another may be subject to liability to a third party for failure to exercise due care in rendering those services, when the servies were necessary for the protection of that third party.

## COUNT III
### Negligence
### ordinay versus professional

The plaintiff incorporates IV paragraphs 1 through 15 of this complaint as it set forth therein.

1). To determine whether Mr. Davis claims is one of ordinary or proffessional negligence, the court must look to the substance, rather than the form of the complaint. Id. at 501; see also VARNER V. CLASSIC communities Corp, 2006 Pa. Super 2, 890 A.2d. 1068. 1074 (Pa. Super. CT

(8)

• 2006) "Stating" that it is the substance of the complaint rather than it's from which controls whether [a] claim... Sound in ordinary negligence or professional. The pennsylvania supreme court Stated that whether a negligence claim is professional versus ordinary negligence deals primarily with the breach of a professional standard of care.

## COUNT IV
### Negligence and Vicarious Liability
### (Against all Defendant(s))

4. The plaintiff incorporates IV paragraphs 1 through 15 of this complaint as it set forth fully therein.

5. The defendant(s) outline in this complaint are Vicariously liable for the act(s) of negligence against the plaintiff by the State of Pennsylvania and it's employees, who at all times are relevant to the cause of action herein.

6). Under 42 P.S § 20043, Mr. Davis alleged he was injured by the two officer(s) while he was in front of his home at 60 East Louther street which is located in carlisle Pennsylvania on the night of March 1st, 2017, venue was proper in the Middle district court. See Simons v. State correction inst, 150 Pa. commw. 295, 615 A. 2d 924, 1992 Pa. commw. Lexis 575 (Pa. commw. CT. 1992).

## COUNT V
### Negligence and the four elements
### (Against all Defendant(s))

7. The plaintiff incorporates IV paragraphs 1 through 15 of this complaint

as it fully set forth therein.

1). Negligence is established by proving the following four elements
  (1) A duty or obligation recognized by law;
  (2) A breach of that duty;
  (3) A causal connection between the conduct and the resulting
      injury;
  (4) Actual damages;

COUNT VI
Negligence of Duty
(Against all Defendants)

The plaintiff incorporates IV paragraphs 1 through 15 of this
complaint as it set forth therein.

1) Under 18 U.S.C. § 4042(a). The State has a duty to provide
for the Safe-Keeping, care and subsistence and for the protection.
Of all persons charged with or convicted of offenses against
the United State.

2). The duty of care as provided by 18 US.C. § 4042 is That of
ordinary diligence to keep Mr. Davis safe from harm. This duty
of care is heightened when a person is know to a have condition
that require special treatment.

3) It was pointed out that Mr. Davis had suffed from post concussia
sydrome on the night of March 1st, 2017. The State should have
been more conerned about his injuries and the safety of Mr. Davi
wellbeing.

(10)

COUNT VII
Negligence (Breach)
(Against all Defendant'(s))

* The plaintiff incorporate IV paragraphs 1 through 15 of
This complaint as it set forth therein.

(a) The court of the third circuit, in limited circumstances
have recognized that certain acts or omissions
by police officer(s) can constitute as a breach of an
ordinary negligence of duty. Finding that the state
breached it's duty ~~of~~ by failing to reasonably treat
Mr. Davis concussions. Holding that the denial of
proper medical care can constitute a breach of care
under 18 U.S.C. § 4042.

(b) Finding a possible breach of duty and care related
to Mr. Davis concussions. More specifically the State
May breach it's duty of care by failing to schedule Mr. Davis
for necessary medical treatment in a timely fashion.
see Aviles v. United States, 2012 U.S. Dist. Lexis 117041,
2012 WL 3562370, at *6 (E.D. Pa. 2012).

COUNT VIII
Negligence (Causation)
(Against all Defendant'(s))
(11)

* The plaintiff incorporate IV paragraphs 1 through 15 of this complaint as it set forth therein.

a). The third element Mr. Davis must prove is that the State Negligence caused his injury. IN limited circumstances, pennsylvania law permits recovery where a defendant(s) Negligence increased the risk of harm to Mr. Davis and his wife Mrs. Davis, even if the plaintiff cannot show conclusively that no injury would have occurred in the absen of Negligence.

b) When a plaintiff proceeds under a theory of increased risk of harm, pennsylvania law requires a two-stage injury. (First) acount must determine whether "a defendant(s)" Negligence act or omisson increased the risk of harm to a person in Mr. and Mrs. Davis position, "and then" it becomes a question for the [Fact] Finder whether that increased Risk was a [Factual cause] in producing the harm. (second) the injury it self.

## COUNT IX
### Negligence (increased Risk)
### (Against all Defendant(s)

* The plaintiff incorporates IV paragraphs 1 through 15 of this complaint as it fully set forth therein.

a) Where the issue of increased risk involves question of medical causation that go beyond the Knowledge of the average law person "the plaintiff is required to present expert testimony" with a reasonabl

(12)

degree of Medical certainty.

(b) The Defendant(s) conduct increased the risk of harm that was actually sustained. In determining whether the experts opinion is rendered to the requisite degree of certainty, we examine the experts testimony in it's entirety "Id. The purpose of this standard is not, however to render proof needlessly difficult, but to avoid speculation under the rubric of expert opinion.

## VII. APPLICABLE LAW

* Mr. DAVIS claim of Negligence against the State is brought under the "FTCA", 28 U.S.C §§ 1346, 2671, et seq. The "FTCA" provides much needed relief to those suffering from injury cause by the Negligence of the government employees. United State v. Muniz, 374 U.S. 150, 165, 83 S.Ct. 1850, 1859, 10 L.Ed. 2d 805 (1963), by "remov[ing] sovereign immunity of the United States from suits in tort, and with certain individual would be under like circumstan "Podlog v. United States, 205 F supp. 2d 346, 355 (M.D. Pa. 200 aff'd 85 Fed. Appx. 873 (3d Cir. 2003) (quoting Richards v. United States, 369 U.S. 1, 6, 82 S.ct, 585, 589, 7 L.Ed. 2d 492 (1962).

* In "FTCA" claims, courts must apply the Law of the

(13)

State in which the act or **omission** occurred. Hodge
V. United States Dep't of Justice, 372 F. Appx 264, 267
(3d cir. 2010) (citing Gould Elecs. inc. V. United States,
220 F. 3d 169, 179 (3d cir. 2000) Because all of the conduct
giving rise to Mr. Davis claim occurred at carlisle,
Pennsylvania STATE, Law will apply.

## VIII. DAMAGES

* In assessing damages in this case, we begin with a
proposition recognized by both Mr. DAvis and the
government:

* The federal tort claims act "FTCA", 28 U.S.C. §§2671-
2680, governs all claims against the United State for
monetary damages, for injury or loss of personal property
or personal injury or death caused by the negligent [sic],
wrongful act, or omission of any employee of the United
States while acting within the scope of his office or
employment. See. Balter V. United States, 2014 U.S. Dist.

WHEREFORE, Mr. Davis respectfully demands Judgement
in his favor and against the defendant(s) in an amount
(Not) in excess of $250,000.00, exclusive of cost and
damages for delay, and for such other relief as the court
may deem appropriate.

(14)

## IX. CONCLUSION

What is The legal aspect of This issue, is it Negligence or incopetence, was it by the officer(s) or of the State. We Know that these two officer(s) or liable for their action, so isn't the State liable for their Role in hiring those officer(s), who sworn them in to proform a certain duties to the state and to the public, To uphold the constitution. Would anyone hire someone to Run their Business would-out doing a proper Back ground check, [NO]. So in this day in time, we are all a-part of a whole, then what we do affect the organization that we are apart of and the organization is responsible for our training and what we learn [in] order to proform these duties or obligations for that position. That means improper training results in improper conduct which affect the employer and also the employee. Based on the above examination, Pennsylvaing Law should apply with respect to the issue of Mr. Davis allegation of Negligence (First), The plaintiff injury causing conduct alleged occurred in Pennsylvaina. (Second), the injury occurred in Carlisle, and (third), Mr. Davis was and still is a resident of Pennsylvai So we are asking the court to look at the facts and grant the relief Sought by Mr. Davis and his family, we thank you for your understanding.

3-3-21
Date

Tammy Davis
Signature

<u>Verification</u>

I <u>Damion Davis</u> verify that the statement in the above motion are true and correct to the best of my knowledge, information and belief. I understand that false statements herein are made subject to penalties of 18 Pa. C. S. Section 4904 relating to unsworn falsification to authorities.

Signature

DAMION DAVIS
Print

3-3-2021
Date

## CERTIFICATE OF SERVICE

I Damion Davis hereby declare under penalty of perjury, pursuant to 28 U.S.C. §1746, that on this day 3 of MARCH, 2021. I ask that a true and complete copy of the attached to be served in the manner described below, which should satisfy the requirements of Pa. R.C.P. 121 and to be service by mail addressed as follows.

CC:

KAROLINE MEHALCHICK — JUDGE
235 NORTH WASHINGTON AVE
      P.O. BOX 1148
SCRANTON, PA. 18501-1148

DAVID J. MacMain — ATTORNEY FOR DEFENDANT[S]
433 WEST MARKET ST Suite #200
WEST CHESTER, PA. 19382

Signature

DAMION DAVIS
Print

3-3-2021
Date

"THIS CORRESPONDENCE ORIGINATES
FROM AN INMATE INSTITUTION"

Damion Davis
Inmate ID# 241380
3400 concord Rd.
york, PA, 17402

RECEIVED
SCRANTON

MAR 09 2021

PER _____
DEPUTY CLERK

Legal Mail

To: Clerk of court
235 north Washington Ave
P.O.Box 1148
Scranton, PA, 18501-1148

NEOPOST
03/05/2021
US POSTAGE   $000.91°

FIRST-CLASS MAIL

ZIP 17402
041M11460782