## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

DAMION G. DAVIS,

               Plaintiff,

     v.

OFFICER MILLER, et al.,

               Defendants.

CIVIL ACTION NO. 1:18-CV-02286

(BRANN, J.)
(MEHALCHICK, M.J.)

### MEMORANDUM

Before the Court are two motions to compel, a motion to amend to join co-plaintiff, and a motion for sanctions with entry of default judgment by *pro se* prisoner-Plaintiff Damion G. Davis ("Davis"). (Doc. 79; Doc. 85; Doc. 89; Doc. 90). On November 29, 2018, Davis initiated this *pro se* civil rights action arising under 42 U.S.C. § 1983, with the filing of the original complaint against Defendants Carlisle Police Department, Carlisle Police Officers Miller and Kennedy (collectively, "Defendants"), Cumberland County, and the City of Carlisle.[1] (Doc. 1). For the following reasons, the motions shall be denied. (Doc. 79; Doc. 85; Doc. 89; Doc. 90).

### I.   BACKGROUND AND PROCEDURAL HISTORY

On November 29, 2018, Davis filed the original complaint, a motion to proceed *in forma pauperis*, and a motion to appoint counsel. (Doc. 1; Doc. 2; Doc. 3). On March 13, 2019, the Court granted Davis's motions to proceed *in forma pauperis,* denied Davis's motion to appoint counsel, and found that Davis's original complaint failed to state a claim, but

---

[1] On April 3, 2020, Davis filed an amended complaint naming the Defendants as the sole Defendants in this action, thus terminating Cumberland County and the City of Carlisle as defendants in this action. (Doc. 28, at 2).

permitted Davis to file an amended complaint. (Doc. 14; Doc. 15; Doc. 16). On April 3, 2020, Davis filed his amended complaint against Defendants. (Doc. 28). On July 17, 2020, Defendants filed a motion to dismiss, which the undersigned recommended should be denied as to Davis's claim for excessive force under the Fourth Amendment and granted as to Davis's claims for cruel and unusual punishment, negligence, and supervisory. (Doc. 40; Doc. 55). Davis filed a second amended complaint on March 9, 2021, and the Court adopted the undersigned's recommendation on March 11, 2021. (Doc. 56; Doc. 57). Davis's second amended complaint asserts claims for deprivation of Davis's constitutional rights and claims of negligence. (Doc. 56, at 7-13). Davis alleges that on the night of February 28, 2017, until after midnight on March 1, 2017, two Carlisle police officers "stalked, harassed and assaulted" Davis on the steps of his home in Carlisle, Pennsylvania. (Doc. 56, at 9). Davis also submits that the incident caused his wife, Ashley Davis, great stress and trauma, which resulted in the loss of their unborn daughter from a placenta eruption that she experienced on March 2, 2017. (Doc. 81, at 1). Defendants filed an answer to the second amended complaint on April 5, 2021. (Doc. 60). On June 21, 2021, Defendants filed a motion to take the deposition of Davis, which the Court granted on the following day. (Doc. 64; Doc. 65). On July 28, 2021, Defendants took the deposition of Davis. (Doc. 79; Doc. 89).

On October 18, 2021, Davis filed a motion to compel seeking an order directing Defendants to provide Davis with a copy of the transcript from his deposition. (Doc. 79). On November 22, 2021, Davis filed a motion to amend to join his wife, Ashley Davis, as co-plaintiff. (Doc. 85). On December 27, 2021, Davis filed a letter with the Court requesting to press criminal charges against Pike County Correctional Facility and staff as a result of an

alleged attack by correctional officers on December 2, 2021.[2] (Doc. 87). On February 4, 2022, Davis filed another motion to compel, as well as a motion for sanctions with entry of default judgment against Defendants. (Doc. 89; Doc. 90). On March 2, 2022, Defendants filed briefs in opposition to Davis's motion to compel and motion for sanctions. (Doc. 89; Doc. 90; Doc. 95; Doc. 96). On March 10, 2022, Davis filed a letter with the Court requesting expert witness interrogatories. (Doc. 97). On April 1, 2022, Davis filed a reply brief to Defendants' briefs in opposition.[3] (Doc. 95; Doc. 96; Doc. 101). The motions are ripe for disposition. (Doc. 79; Doc. 85; Doc. 89; Doc. 90).

## II.  DISCUSSION

### A.  MOTION TO AMEND TO JOIN CO-PLAINTIFF

Davis requests to join his wife, Ashley Dawn Davis, as a co-plaintiff in this action pursuant to Rule 2004 of the Pennsylvania Rules of Civil Procedure. (Doc. 85, at 1). It is well-established that a federal court shall apply state substantive law and federal procedural rules to the resolution of state law claims. *See Erie Railroad Company v. Tomkins*, 304 U.S. 64 (1938).

---

[2] Davis, as a civil rights plaintiff, may not seek relief in the form of an order directing the criminal prosecution of third parties. "[D]ecisions regarding the filing of criminal charges are the prerogative of the executive branch of government, are consigned to the sound discretion of prosecutors, and under the separation of powers doctrine are not subject to judicial fiat." *Nieves v. Thorne*, No. 3:16-CV-1912, 2016 WL 6496452, at *4 (M.D. Pa. Sept. 30, 2016), *report and recommendation adopted*, 2016 WL 6462120 (M.D. Pa. Oct. 31, 2016). Further, the exercise of prosecutorial discretion is a matter, "particularly ill-suited to judicial review." *Wayte v. United States*, 470 U.S. 598, 607 (1985); *Nieves*, 2016 WL 6496452, at *4 (dismissing prisoner-plaintiff's request to have court order criminal charges be pressed against defendants). Therefore, this prayer for relief fails as a matter of law and shall be denied.

[3] Davis filed an initial reply brief on March 11, 2022. (Doc. 98). However, Davis filed a letter with the Court on April 1, 2022, requesting that the Court disregard the initial reply brief because Davis failed to attach an exhibit. (Doc. 100). Therefore, the Court's analysis will only consider the second filing of Davis's reply brief. (Doc. 101).

Thus, when deciding a state law issue, the Court shall apply Pennsylvania law to the substantive claims along with federal procedural rules. *See Transguard Ins. Co. of Am., Inc. v. Hinchey*, 464 F. Supp. 2d 425, 427-30 (M.D. Pa. Nov. 29, 2006) (applying Pennsylvania substantive law to plaintiff's state law claims, but applying the Federal Rules of Civil Procedure for determining the standard upon summary judgment). Accordingly, the Pennsylvania Rules of Civil Procedure do not apply as the Federal Rules of Civil Procedure govern the joinder of co-plaintiffs in this federal civil rights action.

Federal Rule of Civil Procedure 15(a) provides that "leave to amend shall be freely given when justice so requires." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). However, Rule 20 of the Federal Rules of Civil Procedure provides:

(1) *Plaintiffs.* Persons may join in one action as plaintiffs if:
  (A) they assert any right to relief jointly, severally, or in the alternative with resort to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
  (B) any question of law or fact common to all plaintiffs will arise in the action.

Fed. R. Civ. P. 20(a)(1).

Misjoinder, on the other hand, occurs when there is no common question of law or fact or when, as here, the events that give rise to the plaintiff's claims against defendants do not stem from the same transaction. *See* Fed. R. Civ. P. 21.

In the petition to join co-plaintiff, Davis states: "Subsequent to commencement of this action, [Davis] transferred part of [his] interest in this action to his wife Mrs. Ashley D. Davis." (Doc. 85, at 1). Therefore, Davis argues: "Ashley D. Davis should be joined as co-plaintiff in this action under Pa. R.C.P. 2004 by reason of this partial transfer." (Doc. 85, at 1). However, Davis does not identify what "interest" he partially transferred to Ashley D.

Davis. Neither does Davis assert whether Ashley D. Davis has any right to relief with resort to or arising out of the same transaction, occurrence, or series of transactions or occurrences that Davis's claims arise out of. *See* Fed. R. Civ. P. 20(a)(1)(A). Further, Davis does not allege the question(s) of law or facts that are common to Ashley D. Davis's alleged interest in this action. *See* Fed. R. Civ. P. 20(a)(1)(B). Thus, Davis does not satisfy the pleading requirements of Rule 20(a)(1). Accordingly, Davis's petition to join Ashley D. Davis as co-plaintiff is denied. (Doc. 85).

B. MOTIONS TO COMPEL

In his motions to compel, Davis seeks an order directing Defendants to provide him with a copy of statements that were made at his deposition taken by Defendants on July 28, 2021.[4] (Doc. 79, at 1; Doc. 89, at 1; Doc. 90, at 1-3; Doc. 101, at 1-2). Davis avers that Defendants were required to provide him "with a copy of the tape recorded statement and any written transcription . . . under Pa. R.C.P. 4003.4."[5] (Doc. 79, at 2; Doc. 89, at 2). Further, Davis states that in a letter to counsel for Defendants dated September 28, 2021, Davis specifically requested a tape-recorded and written transcript of his deposition. (Doc. 79, at 1-2; Doc. 89, at 1-2; Doc. 90, at 1-2; Doc. 101, at 1-3). In opposition, Defendants argue that any request for a transcript should be made directly to the court reporter and that they provided a

---

[4] On February 20, 2022, Davis filed a letter with the Court again requesting the production of the deposition transcript. (Doc. 91, at 1-2). For the reasons stated in this Memorandum Opinion, Davis's request for production is denied.

[5] As discussed *supra*, the Court shall apply the Federal Rules of Civil Procedure in this matter and not the Pennsylvania Rules of Civil Procedure.

copy of the transcript of Davis's deposition to Davis via a letter dated February 28, 2022, despite having no obligation to do so, rendering his motions to compel moot. (Doc. 95, at 2).

Davis has been granted *in forma pauperis* status in this case. (Doc. 15). As the Third Circuit has observed:

> The *in forma pauperis* statute, 28 U.S.C. § 1915, permits the waiver of prepayment of fees and costs for *in forma pauperis* litigants, see 28 U.S.C. § 1915(a), and allows for payment by the United States of the expenses of "printing the record on appeal in any civil or criminal case, if such printing is required by the appellate court," and of "preparing a transcript of proceedings before a United States magistrate in any civil or criminal case, if such a transcript is required by the district court," 28 U.S.C. § 1915(b). There is no provision in the statute for the payment by the government of the costs of deposition transcripts, or any other litigation expenses, and no other statute authorizes courts to commit federal monies for payment of the necessary expenses in a civil suit brought by an indigent litigant.

> *Tabron v. Grace*, 6 F.3d 147, 158-59 (3d Cir. 1993).

Davis has requested that Defendants produce a copy of his deposition transcript in discovery, at no expense to him. (Doc. 79; Doc. 89). The Court "ha[s] no authority under 28 U.S.C. § 1915, or any other statute, to order the government to pay for deposition transcripts for an indigent litigant." *Tabron*, 6 F.3d at 158. However, "as part of the inherent equitable powers of the district court in supervising discovery, a district court may, under some circumstances, exercise its discretion to order an opposing party to pay for or to provide copies of deposition transcripts for an indigent litigant as a condition precedent to allowing that party to take depositions." *Tabron*, 6 F.3d at 158-59 (citing *Navarro de Cosme v. Hospital Pavia*, 922 F.2d 926, 930 (1st Cir. 1991) (holding that the district court order requiring each party to pay for its adversaries' expenses in connection with the taking of depositions, was well within the broad latitude of the district court in managing discovery)). The Court did not exercise that discretion here.

During his deposition, Davis had the opportunity "to take notes and compile information from the live testimony," thus eliminating the need for Defendants to bear the costs of transcripts of the deposition. *See Tabron*, 6 F.3d at 159 (finding that plaintiff who attended his deposition could have taken notes and compiled information during his attendance and did not demonstrate any need for the transcript to respond to defendants' pending motion). Nevertheless, Davis's requests for production are now moot because Defendants attest that they provided Davis with a transcript of the deposition of Davis on February 28, 2022.[6]  (Doc. 95, at 2, 6).; *see Dawkins v. Ransom*, No. 3:20-CV-1467, 2022 WL 68384, at *2 (M.D. Pa. Jan. 6, 2022) (denying prisoner's motion to compel production of deposition transcript where defendants already provided a copy of deposition transcript in its motion for summary judgment). Accordingly, Davis's motions to compel production are denied. (Doc. 79; Doc. 89).

C.  MOTION FOR SANCTIONS WITH ENTRY OF DEFAULT JUDGMENT

In his motion for sanctions with entry of default judgment, Davis claims that he served Defendants with requests for production of documents on September 28, 2021, and October 13, 2021, but no timely responses were received. (Doc. 90, at 1). Davis argues that due to Defendants' failure to timely respond, Davis "has been unable to secure important evidence and document essential to the proof of its case and has been prejudiced as a result." (Doc. 90, at 3). Defendants argue that there have been no violations of any discovery obligations or

---

[6] In so far as Davis requests sanctions for Defendants' failure to provide him with a copy of the statements made at his deposition, sanctions are inappropriate as the motions to compel are denied as moot. (Doc. 79; Doc. 89).

Court Orders because Davis has not served interrogatories, discovery is closed, and there is no Order directing Defendants to provide answers to discovery requests. (Doc. 96, at 3-4).

Federal Rule of Civil Procedure 37 provides for a wide range of sanctions that may be imposed for a party's failure to comply with discovery obligations, "including discretion to deem facts as established, bar evidence, strike or dismiss pleadings, enter a default judgment, and find a party in contempt." *Manning v. Herman*, No. 1:13-CV-01426, 2016 WL 4991431, at *3 (M.D. Pa. Sept. 19, 2016) (citation omitted); *see also Hoxworth v. Blinder, Robinson & Co., Inc.*, 980 F.2d 912, 918-19 (3d Cir. 1992) (a court may impose a default as a permissible sanction for violating a discovery order); Fed. R. Civ. P. 16(f) (providing for sanctions if a party fails to obey a scheduling or pretrial order). Specifically, Rule 37(b)(2) provides for penalties, including rending a default judgment, in the event of noncompliance with an Order compelling discovery. The Third Circuit has cautioned, however, that this sort of drastic relief should be a sanction of "last, not first, resort." *Hoxworth*, 980 F.2d at 922 (quoting *Carter v. Albert Einstein Med. Ctr.*, 804 F.2d 805, 807 (3d Cir. 1986)).

"The choice of the appropriate sanction is committed to the sound discretion of the district court." *Hewlett v. Davis*, 844 F.2d 109, 113 (3d Cir. 1988). If a court finds sanctions warranted, the court must make factual findings to justify such an award. *See Naviant Mktg. Solutions, Inc. v. Larry Tucker, Inc.*, 339 F.3d 180, 186-87 (3d Cir. 2003) (finding that the district court abused its discretion in imposing sanctions against defense counsel where the court made no explicit findings of misconduct, and record did not support such a finding). In light of the Third Circuit's reluctance to authorize the drastic relief of sanctions under Rule 37(b)(2), "absent the most egregious circumstances," a plaintiff's request for extreme sanctions, such as

- 8 -

default, will not be granted. *See United States v. $8,221,877.16 in U.S. Currency*, 330 F.3d 141, 161 (3d Cir. 2003) (citation omitted).

In considering whether Rule 37(b)(2) sanctions are appropriate, courts apply the six factors articulated in *Poulis v. State Farm & Casualty Co.*, 747 F.2d 863, 868 (3d Cir. 1984). *Cmty. Ass'n Underwriters of Am., Inc. v. Queensboro Flooring Corp.*, No. 3:10-CV-1559, 2015 WL 1537612, at \*5 (M.D. Pa. Apr. 6, 2015) (applying *Poulis* factors in declining to enter default judgment against defendants). The *Poulis* factors are: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary; (3) whether there has been a history of dilatoriness; (4) whether the conduct of the party or attorney was willful or in bad faith; (5) the effectiveness of alternative sanctions; and (6) the meritoriousness of the claim or defense. *Poulis*, 747 F.2d at 868. The decision of whether to grant default judgment is left to the court's discretion. *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 221 (3d Cir. 2003). No particular *Poulis* factor is controlling and dismissal or default can be granted even when some of the factors are not met. *Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir. 1988).

The Court has considered each of the six *Poulis* factors, but finds the second, third, and fourth factors to be dispositive. Due to the limited prejudice caused by the Defendants' conduct, the failure to establish that Defendants engaged in contumacious or dilatory behavior, and Defendants' efforts to produce a copy of the deposition transcript despite having no obligation to do so, the Court will decline to enter default judgment against Defendants. *See Cmty. Ass'n Underwriters of Am.*, 2015 WL 1537612, at \*6.

On October 5, 2021, the Court ordered all discovery requests to be completed on or before November 3, 2021, and all dispositive motions to be filed, along with supporting briefs, statements of facts, and otherwise in accordance with the local rules, on or before December

3, 2021. (Doc. 77, at 2). There is no dispute that Davis sent a timely discovery request to Defendants on October 18, 2021, and that Defendants did not send back timely responses. (Doc. 90, at 1-2). However, as discussed *supra*, Defendants were never under any obligation to provide Davis with a copy of the deposition transcript. *See Tabron*, 6 F.3d at 159. In any event, Defendants produced a copy of the deposition transcript to Davis in a letter dated February 28, 2022, effectively curing any potential deficiencies or prejudice to Davis. (Doc. 96, at 3).

In addition, Davis alleges that Defendants have failed to respond to his interrogatories or comply with a Court Order compelling discovery. (Doc. 90, at 3). However, there is no evidence of record that Davis has ever served interrogatories or requests for production of documents upon Defendants, or filed a motion to compel responses to interrogatories with the Court. Moreover, at no point has the Court entered an Order compelling discovery or other Order that Defendants failed to timely respond. Therefore, the Court finds that Davis has failed to submit "sufficient evidence to establish that [D]efendants acted 'with the purpose to delay the proceedings' or that they 'willfully' failed to comply with their discovery obligations." *Cmty. Ass'n Underwriters of Am.*, 2015 WL 1537612, at *8 (quoting *Miles v. Elliot*, No. 94–4669, 2011 WL 857320, at *4 (E.D. Pa. Mar.10, 2011)). Further, the Court finds no instances of misconduct articulated in this motion or otherwise warranting sanctions under Rule 37(b). *See Poulis,* 747 F.2d at 868.

Guided by the Third Circuit's admonition that entry of default "must be a sanction of last, not first resort," the Court finds the entry of default judgment to be inappropriate in this case. *Poulis,* 747 F.2d at 869. Accordingly, Davis's motion for sanctions with entry of default judgment is denied. (Doc. 90).

D. Letter Requesting Expert Witness Interrogatories

On March 10, 2020, Davis filed a letter with the Court for expert witness interrogatories to be answered by Defendants. (Doc. 97). The proposed interrogatories request disclosure of each person Defendants expect to call as an expert witness at trial in this case. (Doc. 97, at 1-2). The scope of discovery for experts expected to testify at trial is set forth in Rule 26(a)(2) of the Federal Rules of Civil Procedure. That rule provides:

> (A) *In General.* In addition to the disclosures required by Rule 26(a)(1), a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705.
>
> (D) *Time to Disclose Expert Testimony*. A party must make these disclosures at the times and in the sequence that the court orders. Absent a stipulation or a court order, the disclosures must be made:
> (i) at least 90 days before the date set for trial or for the case to be ready for trial; or
> (ii) if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C), within 30 days after the other party's disclosure.

Fed. R. Civ. P. 26(a)(2).

In this case, neither party has filed a stipulation and there is no Order mandating the disclosure of expert witnesses intended to testify at trial. Further, the Court has not yet set the date for trial. Therefore, Davis's proposed interrogatories are struck as premature. However, in accordance with Rule 26(a)(2), Defendants will be required to disclose the relevant information regarding expect witnesses they expect to testify at trial at least ninety (90) days before the date the Court will set for trial.

III.   **Conclusion**

      For the foregoing reasons, Davis's motions to compel or sanctions (Doc. 79; Doc. 89), motion to amend to join co-plaintiff (Doc. 85), and motion for sanctions with entry of default judgment against Defendants for failure to obey discovery Order (Doc. 90) are **DENIED**.

      An appropriate Order follows.

**BY THE COURT:**

**Dated: May 6, 2022**
                     *s/ Karoline Mehalchick*
                     **KAROLINE MEHALCHICK**
                     **Chief United States Magistrate Judge**