UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAMION G. DAVIS, | CIVIL ACTION NO. 1:18-CV-02286 |
| Plaintiff, | |
| v. | (BRANN, J.) |
| | (MEHALCHICK, M.J.) |
| OFFICER MILLER, et al., | |
| Defendants. | |

# ORDER

Presently before the Court is a motion to appoint counsel filed by *pro se* Plaintiff Damion G. Davis ("Davis") on August 19, 2022. (Doc. 113). Although prisoners have no constitutional or statutory right to appointment of counsel in a civil case, the Court has discretion to request "an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1); *see Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997); *see also Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). Under § 1915(e)(1), the "court may request an attorney to represent any person unable to employ counsel." The district court's appointment of counsel is discretionary and must be made on a case-by-case basis. *Tabron*, 6 F.3d at 157-58. The United States Court of Appeals for the Third Circuit has stated that appointment of counsel for an indigent litigant should be made when circumstances indicate "the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." *Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984). The initial determination to be made by the court in evaluating the expenditure of the "precious commodity" of volunteer counsel is whether the plaintiff's case

has some arguable merit in fact and law. *Montgomery*, 294 F.3d at 499. If a plaintiff overcomes this threshold hurdle, other factors to be examined are:

> (1) the plaintiff's ability to present his or her own case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of the claimant to pursue investigation; (4) the plaintiff's capacity to retain counsel on his or her own behalf; (5) the extent to which the case is likely to turn on credibility determinations; and (6) whether the case will require testimony from expert witnesses.

*Montgomery*, 294 F.3d at 499 (citing *Tabron* , 6 F.3d at 155-57).

Additionally, another practical consideration must be taken into account when considering a motion for appointment of counsel. As the Third Circuit has observed:

> … we must take note of the significant practical restraints on the district courts' ability to appoint counsel: the ever-growing number of prisoner civil rights actions filed each year in the federal courts; the lack of funding to pay appointed counsel; and the limited supply of competent lawyers who are willing to undertake such representation without compensation. We have no doubt that there are many cases in which district courts seek to appoint counsel but there is simply none willing to accept appointment. It is difficult to fault a district court that denies a request for appointment under such circumstances.

*Tabron*, 6 F.3d at 157.

Turning to the *Tabron* factors, the Court finds that Davis is not entitled to appointed counsel at this time. Davis has thus far demonstrated an ability to adequately litigate this case, as he has filed a complaint, an amended complaint, and a second amended complaint that contain clearly set forth claims and facts possessing "arguable merit" with distinct number paragraphs (Doc. 1, at 3-8; Doc. 28, at 1-6; Doc. 56, at 7-13); *see Montgomery*, 294 F.3d at 499. In these paragraphs, Davis asserts claims for deprivations of his constitutional rights and claims of negligence. (Doc. 56, at 7-13). By presenting this issue in a logical manner, Davis has demonstrated his ability to comprehend the legal issues and provide facts to support his

excessive force claim sufficiently to prevail against Defendants' motion to dismiss. *See e.g.* (Doc. 40; Doc. 55, at 6-8, 15; Doc. 57, at 1-2).

In the motion to appoint counsel, Davis requests that the Court "waive all fees and cost[s] having to do with this petition and to appoint [him] counsel." (Doc. 113, at 1). Davis asserts that he is "without funds and unable to pay court fees or the cost for an attorney." (Doc. 113, at 1). Davis focuses his motion on his inability to financially retain counsel, but does not indicate if he does not understand the legal issues presented to him. (Doc. 113, at 1). The Court has demonstrated its ability and intention to construe Davis's pleadings liberally in addition to providing thorough and informative orders. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972*)*; *see also* (Doc. 55; Doc. 56; Doc. 63). Davis's apparent ability to litigate this action coupled with this Court's duty to construe *pro se* pleadings liberally weigh against the appointment of counsel. *See Shehadeh v. Wilkes-Barre City Police Dept.,* No. 3:21-CV-35, 2021 WL 2567020, at *2 (M.D. Pa. June 23, 2021). Accordingly, the Court will deny Davis's request for appointment of counsel. (Doc. 113, at 1).

In addition, Davis requests that the Court waive his not-yet-paid filing fees, claiming that he is "without funds and unable to pay court fees or the cost for an attorney." (Doc. 113, at 1). In civil cases, the Court has the authority to waive the prepayment of filing fees if the plaintiff is indigent and the Prison Litigation Reform Act ("PLRA") does not apply. 28 U.S.C. § 1915(a). The PLRA applies to this action because Davis was incarcerated when he filed his complaint. 28 U.S.C. § 1915(b). On March 13, 2019, the Court granted Davis's motion for leave to proceed *in forma pauperis* and directed the Superintendent/Warden, or other appropriate officer at Davis's place of confinement, to deduct an initial partial filing fee of

3

20% of the greater of (a) the average monthly deposits in Davis's prison account for the past six months, or (b) the average monthly balance in Davis's prison account for the past six months. (Doc. 15).

Although a prisoner may obtain *in forma pauperis*-status under the PLRA, this does not result in a waiver of the fees—it merely allows the inmate to pay the fees in installments when there are sufficient funds in his prison account. 28 U.S.C. § 1915(b). The granting of *in forma pauperis*-status exempts litigants from filing fees only; it does not exempt litigants from the costs of copying and filing documents, service of documents other than the complaint, costs, expert witness fees, or sanctions. *Porter v. Dep't of Treasury*, 564 F.3d 176, 180 n.3 (3d Cir. 2009) (citing 28 U.S.C. § 1915(f)(1) and *Boring v. Kozakiewicz,* 833 F.2d 468 (3d Cir. 1987)). Therefore, even though Davis has been granted *in forma pauperis*-status, the Court has no authority to waive his fees under the PLRA. *See Porter*, 564 F.3d at 180. Davis must pay the balance of the $350.00 filing fee over time from his prisoner trust account, as described in the Order issued on March 13, 2019. (Doc. 15). Accordingly, the Court will deny Davis's request to waive his not-yet-paid filing fees. (Doc. 113, at 1).

**AND NOW**, this 30th day of August, 2022, **IT IS HEREBY ORDERED** that Davis's motion to appoint counsel (Doc. 113) is **DENIED**.

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**Chief United States Magistrate Judge**